IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WENDELL SWEET and
STEVEN SWEET,

      Plaintiffs,

v.                                                                             CV 13-258 BRB/WPL

AUDUBON FINANCIAL BUREAU, LLC;
DOMENICO D'ANGELO; ADAM MARCH;
DANIEL VALENTINE; and MIGUEL GUZMAN,

      Defendants.

**ORDER GRANTING LEAVE TO FILE SURREPLY**

Plaintiffs Wendell Sweet and Steven Sweet filed a motion for leave to file surreply (Doc. 70) so that they may respond to the portions of Kyan Julius's deposition that Defendants Adam March and Daniel Valentine attached to their reply in support of their motion to dismiss (Doc. 68). Plaintiffs contend that they should be allowed an opportunity to respond to the portions of Julius's deposition attached to the reply because these excerpts are taken out of context. March and Valentine object to the motion for leave to file surreply. Having considered the briefing and the relevant law, and being otherwise informed, I grant Plaintiffs' motion for leave to file surreply.

Local Civil Rule 7.4(b) states that the filing of a surreply requires leave of court. The decision to grant the filing of a surreply is within the court's sound discretion. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Leave to file a surreply is appropriate when the court relies on new materials or new arguments in a reply brief. *See id.* at 1165 (discussing surreplies in the summary judgment context). Leave to file a surreply should be granted even

when there are no new legal arguments made in the reply, but new evidentiary materials are appended to the reply in support of arguments already made. *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003).

Plaintiffs seek leave to file a surreply because, they allege, the portions of Julius's deposition appended to the reply are taken out of context and are misleading. Much of Plaintiffs' proposed surreply does address arguments already made in their response to the motion to dismiss, but they helpfully append additional portions of Julius's deposition transcript that provide more context for the jurisdictional arguments advanced by the parties.

March and Valentine object to the motion for leave to file a surreply on two grounds: first, the proposed surreply inappropriately rehashes arguments already made and did not respond to new material in the reply because no such new material exists, and second, that granting leave would be futile because the surreply offers no additional support for finding personal jurisdiction over March and Valentine. March and Valentine's challenge that granting leave to file a surreply would be futile is not legally relevant to this inquiry.

As to the argument that the surreply does not address new material attached to the reply, I disagree. March and Valentine rely heavily on their own affidavits, attached to the motion to dismiss, and then on Julius's deposition, attached to the reply, to argue that this Court lacks personal jurisdiction over them. The proposed surreply attaches additional portions of Julius's deposition transcript to rebut that argument. Under the circumstances, I find that there is sufficient cause to consider Plaintiffs' surreply.

Accordingly, I grant Plaintiffs' motion for leave to file a surreply. The proposed surreply, Doc. 70-1, is deemed timely filed.

It is so ordered.

                                                          */s/ William P. Lynch*
                                                          William P. Lynch
                                                          United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.