UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WENDELL SWEET and<br>STEVEN SWEET,<br><br>  Plaintiffs,<br><br>  vs.<br><br>AUDUBON FINANCIAL BUREAU, LLC;<br>DOMENICO D'ANGELO;<br>ADAM MARCH; DANIEL VALENTINE;<br>and MIGUEL GUZMAN,<br><br>  Defendants. | No. CIV 13-258 BRB/WPL |

ORDER ACCEPTING IN PART AND REJECTING IN PART PROPOSED FINDINGS AND RECOMMENDED DISPOSITION OF MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), the Court has reviewed the Amended Complaint, the relevant records and motions on file, and the Proposed Findings and Recommended Disposition (PFRD) of United States Magistrate Judge William P. Lynch. Defendants Adam March and Daniel Valentine have filed timely objections to the PFRD, and the Court has reviewed *de novo* those portions of the PFRD to which these Defendants have objected. The Court has likewise reviewed (1) Plaintiffs' response in opposition to Defendants' objections and (2) Defendants' reply to Plaintiffs' response.

As explained below, the Court agrees with Defendants that the relation-back doctrine does not apply to either March or Valentine in this case. But the Court also concludes that while

equitable tolling does not apply to Plaintiffs' Fair Debt Collection Practices Act (FDCPA) claim against March, it *does* apply to the FDCPA claim against Valentine. As such, the FDCPA claim against March is barred by the statute of limitations, but the FDCPA claim against Valentine may proceed forward.

Further, Plaintiffs have not objected to the Magistrate Judge's other recommendations to dismiss their claims against March and Valentine under the New Mexico Unfair Practices Act (NMUPA) and for negligent hiring, supervision, or retention. Accordingly, the dismissal of the FDCPA claim against March eliminates all claims against March, and the Court dismisses March from this lawsuit with prejudice as to the FDCPA claim and without prejudice as to the NMUPA and negligent hiring, supervision, or retention claims. The Court also dismisses the NMUPA and negligent hiring, supervision, or retention claims against Valentine without prejudice. Finally, aside from one factual finding, the Court overrules all other objections Defendants have made to the Magistrate Judge's PFRD and adopts the remaining portions of the PFRD in its entirety. Consequently, Plaintiffs' FDCPA claim against Valentine survives.

## I.  BACKGROUND

The FDCPA has a one-year statute of limitations. 15 U.S.C. §1692k(d). Plaintiffs Wendell and Steven Sweet suffered their last alleged injuries on March 18, 2013, which means that the one-year statute of limitations would have run in March of 2014 without the application of some legal doctrine that could circumvent the statute of limitations. Plaintiffs, however, did not file their Amended Complaint asserting claims against March and Valentine until April 15, 2015. March and Valentine caught onto this and, among other reasons, moved the Court to dismiss the FDCPA claim against them based on Plaintiffs' untimely filing.

But the events leading up to the time Plaintiffs finally filed their Amended Complaint

muddy the waters regarding this seemingly simple statute of limitations inquiry. As the Magistrate Judge noted, the Plaintiffs filed their initial Complaint against Debt Management Partners (DMP), Audubon Financial Bureau, LLC (AFB), and Kyan Julius on March 19, 2013—the first day after their last alleged injury. A month later, DMP then filed a motion to dismiss all claims against them for lack of personal jurisdiction. Although the parties finished briefing that motion in early June 2013, the previous magistrate judge assigned to this case did not issue an initial scheduling order until October 3. Further, on November 12, 2013, the previous magistrate judge imposed a temporary stay on all discovery until the district court ruled on DMP's motion to dismiss in lieu of entering a Rule 16 scheduling order. This stay lasted until December 30, 2014, when the previous district court judge assigned to this case finally dismissed DMP from the case.

Plaintiffs, therefore, had no ability to conduct *any* form of discovery from November 12, 2013, until December 30, 2014—a delay of over thirteen months. But once the district court dismissed DMP from the lawsuit, Plaintiffs moved quickly: they deposed Julius three months later in March 2015, and from this deposition they unearthed a goldmine of testimony suggesting that March and Valentine, the sole owners and managers of DMP, may have secretly been pulling the strings at AFB. Plaintiffs accordingly voluntarily dismissed Julius from the lawsuit and filed their Amended Complaint, which added March and Valentine as new defendants, in April 2015.

Plaintiffs argued in response to March and Valentine's motion to dismiss that equitable tolling should apply to toll the statute of limitations. In the PFRD, the Magistrate Judge agreed, stating that "it would not have been possible for Plaintiffs to know, prior to Julius' deposition, that March and Valentine were, allegedly, involved in shadow-management of AFB and

directing the allegedly unlawful collection practices." The Magistrate Judge also *sua sponte* recommended that the relation-back doctrine should apply, stating that "March and Valentine should have known that, but for a mistake concerning identity, Plaintiffs would have named March and Valentine personally, rather than naming DMP in the original complaint."

March and Valentine objected to the Magistrate Judge's recommendation and contended that Plaintiffs "snookered" the Magistrate. Significantly, they pointed out that counsel for Plaintiffs represented another party in a previous lawsuit against AFB and March in 2012 that arose out of substantially similar transgressions to the conduct alleged in the current case. *See* Complaint, *McGuire-Pike v. Audubon Financial Bureau*, No. 12-CV-945 (D.N.M. Sept. 7, 2012). In that lawsuit, which briefly overlapped in time with the current lawsuit, counsel alleged in the Complaint that "[u]pon information and belief, Defendant Adam D. March owns, operates[,] and runs AFB or oversees and is personally involved in the collection operation run under the name of AFB." *Id.* at 2. March and Valentine argue that this shows counsel for Plaintiffs was aware that March could have been running AFB from behind the scenes. Further, even though counsel for Plaintiffs did not name Valentine as a defendant in the *McGuire-Pike* lawsuit, Defendants maintain that Plaintiffs knew of Valentine's ownership and management role in DMP by the time they argued against DMP's dismissal in the current lawsuit. And because Plaintiffs argued "against DMP's dismissal by claiming DMP had the same kinds of control [over AFB] that [Plaintiff's counsel] had already alleged against Mr. March" in the *McGuire-Pike* lawsuit, Defendants contend that this necessarily means Plaintiffs would have also suspected that Valentine could have been running AFB. Thus, March and Valentine suggest that "Plaintiffs simply failed to diligently pursue their rights" in the current lawsuit, and for that reason they ultimately argue that equitable tolling and the relation-back doctrine should not

apply to the facts of this case.

For his part, Plaintiffs' counsel concedes that he is aware of the allegations he made in *McGuire-Pike*. Plaintiffs' counsel also has used that case for Plaintiffs' own benefit: he has repeatedly claimed that personal jurisdiction over March and Valentine is proper because they should have been aware from the *McGuire-Pike* case that they could potentially end up being sued in New Mexico. Nonetheless, Plaintiffs' counsel also maintains that his allegations in the *McGuire-Pike* case "were bare-bones 'upon information and belief' allegations" and that "it was not until the deposition of Mr. Julius that the true nature of Mr. March's and Mr. Valentine's controlling role in the [AFB] enterprise was brought to light."

## II. ANALYSIS

### A. *Defendant March*

Although the Magistrate Judge persuasively reasoned that the FDCPA's one-year statute of limitations should be equitably tolled in this case for both March and Valentine, the Court disagrees and rules that the FDCPA claim should not be equitably tolled for March.[1] Equitable tolling is proper when a plaintiff can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling should apply only "in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted), and application of this doctrine "rests in the sound discretion of the district court," *United States v.*

---

[1] Although the Tenth Circuit has not decided whether the statute of limitations in FDCPA cases is subject to equitable tolling, the Magistrate Judge concluded that it is. For the same reasons the Magistrate Judge listed in the PFRD, the Court likewise concludes that the FDCPA statute of limitations is subject to equitable tolling. *See* PFRD 10 n.1.

5

*Clymore*, 245 F.3d 1195, 1198 (10th Cir. 2001).

Regarding Defendant March, this case does not present one of the rare and exceptional circumstances justifying application of equitable tolling. The Court cannot conclude that Plaintiffs were diligently pursuing their rights or that some extraordinary circumstance prevented them from timely amending their complaint to add March as a defendant. Plaintiffs' counsel's knowledge from the *McGuire-Pike* case shows that he (and, by extension, Plaintiffs themselves) was at least aware from the beginning of this lawsuit that March may have been pulling the strings at AFB.[2] The fact that Julius testified in his deposition about March and Valentine's involvement in the goings-on at AFB thus means little as far as March is concerned: Plaintiffs did not learn *brand new* information during this deposition about March but instead merely gathered *more evidence* of a belief they already espoused. Viewed in this light, Plaintiffs' initial choice not to sue March but instead to sue DMP, the corporation that March owned and managed along with Valentine, was clearly a tactical decision that Plaintiffs chose to pursue for one reason or another. And Plaintiffs may very well have had valid and compelling reasons for doing so.

---

[2] Imputing counsel's knowledge to the Plaintiffs themselves is proper in this case even though counsel acquired the knowledge while representing a different client. First, counsel admits that he alleged in the *McGuire-Pike* Complaint that March was pulling the strings at AFB, and he never argues that this knowledge should not be imputed to Plaintiffs in the current case. In fact, he simply tries to show that this knowledge is insignificant. Second, Plaintiffs utilized their counsel's knowledge of *McGuire-Pike* in an attempt to show that personal jurisdiction over March and Valentine is proper, and, as March and Valentine noted, "Plaintiffs here cannot rely upon the allegations in the [*McGuire-Pike*] case [] in support of the jurisdiction arguments, but disavow them when [*McGuire-Pike*] is not convenient." Thus, the Court assumes that Plaintiffs were aware of the allegations their counsel made in *McGuire-Pike* when representing another client. *See also* Restatement (Third) of Agency § 5.03 cmt. e (2016) ("If an agent knows a fact or has reason to know it, notice of the fact is imputed to the principal if the fact is material to the agent's duties unless the agent is subject to a duty not to disclose the fact to the principal."); Annotation, *Imputation of Attorney's Knowledge of Facts to His Client*, 4 A.L.R. 1592 (1919) (noting that "knowledge acquired by an attorney when acting for one client is imputable to a subsequent client, where the former employment was of recent date" and where the knowledge is not of a confidential nature).

Nonetheless, when Plaintiffs had in mind all along that March may have been shadow-managing AFB, the Court cannot say that the temporary stay of discovery functioned as an "extraordinary circumstance" that prevented Plaintiffs from timely amending their complaint to assert claims against March. Plaintiffs had sufficient (although concededly minimal) knowledge to make this decision throughout the duration of the lawsuit, and they are not entitled to a second (untimely) bite at the apple merely because their first choice of a defendant was dismissed.

For similar reasons, the relation-back doctrine does not apply to March. This doctrine states that when a pleading is amended to add additional parties, the date of the amendment "relates back" to the date of the original pleading as long as the following requirements are satisfied:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Brown v. Uniroyal*, 108 F.3d 1306, 1307 (10th Cir. 1997) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)); *see also* Fed. R. Civ. P. 15(c)(1)(C). As the third element makes clear, a "mistake concerning identity" is necessary before the relation-back doctrine can apply. Further, the necessary inquiry "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading," and "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski v. Costa Crocerie S. p. A.*, 560 U.S. 538, 541, 548 (2010).

The Magistrate Judge suggested that "March and Valentine should have known that, but for a mistake concerning identity, Plaintiffs would have named March and Valentine personally,

rather than naming DMP in the original complaint." But March would not have thought that Plaintiffs made a mistake concerning his identity. As the Court noted above, March instead would have suspected that Plaintiffs simply made a tactical decision to sue DMP—the corporation he co-owned and co-managed—instead of suing him directly. *See Krupski*, 560 U.S. at 549 ("[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."); *id.* at 552 ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met."). Thus, the relation-back doctrine does not apply to March.

### B. *Defendant Valentine*

Regarding Defendant Valentine, however, the Court concludes equitable tolling *does* apply. Plaintiff's counsel did not name him as a defendant in the *McGuire-Pike* case, so the record does not indicate why they would have had any reason to suspect that he was pulling the strings at AFB before Julius's deposition. Defendants' argument to the contrary is flawed. They maintain that Plaintiffs would have suspected Valentine's involvement in AFB because (1) Plaintiffs argued personal jurisdiction over DMP was proper based on their allegations that DMP directed AFB's actions, and (2) Plaintiffs were aware of Valentine's status as a co-owner and co-manager of DMP by the time they made this argument. But without some additional evidence suggesting Plaintiffs specifically suspected Valentine's personal involvement in DMP's direction of AFB, that conclusion is too much of a leap for the Court to make. Indeed, until Julius's deposition, it is just as likely that Plaintiffs thought March *alone* was acting on DMP's

behalf to direct AFB.  To conclude otherwise would be pure speculation.

Consequently, because the record suggests that Plaintiffs suspected Valentine's personal involvement in AFB only after they had deposed Julius, equitable tolling of the FDCPA statute of limitations as to Valentine is proper.  First, as the Magistrate Judge noted, Plaintiffs diligently pursued their rights as to Valentine: they filed their initial complaint one day after their last alleged injury, promptly submitted all of their briefing, quickly conducted Julius' deposition once the temporary stay on discovery was lifted, and hastened to file their Amended Complaint once they discovered the potential extent of Valentine's personal involvement in AFB.  In short, they took every reasonable action necessary to hold Valentine responsible for his conduct. Defendants make much of the fact that Plaintiffs never filed any objections to the temporary stay at any point.  But "[t]he diligence required for equitable tolling purposes is *reasonable* diligence, not maximum feasible diligence."  *Holland*, 560 U.S. at 653 (emphasis added) (citations and internal quotation marks omitted).  The Magistrate Judge was thus correct when he stated that "the law does not require litigants to fight valid discovery orders at every turn in order to diligently pursue their rights."

Second, in the specific context of this case, the temporary stay of discovery functioned as an extraordinary circumstance that prevented Plaintiffs from timely filing their Amended Complaint against Valentine.  The stay was implemented on November 12, 2013—almost eight months after Plaintiffs filed their initial complaint.  Thus, absent the thirteen-month-long period where the stay was in effect that arose because of the Court's delay in deciding DMP's motion to dismiss, Plaintiffs would still have had over four months (until March 18, 2014) to conduct discovery and amend their Complaint.  Given that (1) Plaintiffs had no ability to engage in any discovery whatsoever during the thirteen-month stay, and (2) the stay lasted longer than the

relatively short one-year statute of limitations for FDCPA claims, the Court believes that Plaintiffs should not be punished for the Court's delay in ruling on DMP's motion to dismiss. *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (ruling that a statute of limitations was equitably tolled because plaintiffs "should . . . not be penalized due to the courts' heavy dockets and understandable delays in rulings"); *Barrett v. Forest Labs., Inc.*, No. 12–CV–5224 (RA), 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) (collecting equitable tolling cases and determining that discovery stays qualify as extraordinary circumstances that can excuse plaintiffs' untimely claims). Therefore, in its discretion, the Court rules that the FDCPA claim against Valentine was tolled from November 12, 2013, until December 30, 2014. Plaintiffs' Amended Complaint, which they filed on April 15, 2015, was thus timely as against Valentine and is not barred by the statute of limitations.

Nonetheless, as with March, the relation-back doctrine also does not apply to Valentine. From Valentine's perspective, he would not have thought that Plaintiffs mistook his identity for someone else or for another entity. Instead, he would have simply believed that Plaintiffs did not know the full extent of his alleged involvement with AFB and, as such, that Plaintiffs were not aware he should have been added as an *additional* party. In other words, Valentine, due to his close affiliation with March at DMP, would (or should) have been aware of Plaintiffs' choice to sue DMP instead of March, and for that reason he would not have thought that Plaintiffs mistakenly sued DMP *instead* of him. *Cf. Krupski*, 560 U.S. at 549 ("[A] plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the conduct, transaction, or occurrence giving rise to her claim. If the plaintiff sues party B *instead of* party A under these circumstances, she has made a mistake concerning the proper party's identity notwithstanding her knowledge of the existence of both parties." (emphasis

added) (internal quotation marks omitted)); *see also Stewart v. Bureaus Inv. Grp., LLC.*, 309 F.R.D. 654, 662 (M.D. Ala. 2015) (ruling that the relation-back doctrine did not apply when a plaintiff added a new defendant in addition to the previous defendants after the statute of limitations period expired). Plaintiffs' lack of knowledge regarding Valentine, therefore, was not a "mistake" of identity as is required by the relation-back doctrine.

### III. CONCLUSION

The Court does not have the ability to circumvent statutes of limitations simply because a plaintiff's allegations against a defendant amount to heinous conduct. Instead, the expiration of a statute of limitations stands as a firm barrier to suit unless some legal doctrine applies that would excuse the untimely filing. In this case, no excuse exists regarding the FDCPA claim against March: neither equitable tolling nor the relation-back doctrine apply to it, so the Court must dismiss this claim. On the other hand, while the relation-back doctrine also does not apply to the FDCPA claim against Valentine, the Court will equitably toll that claim given the stay of discovery and lengthy delays in this case. Thus, the FDCPA claim against Valentine survives.

For their part, Plaintiffs have not objected to any portion of the Magistrate Judge's PFRD. The PFRD, in turn, recommends dismissing Plaintiffs' other claims against March and Valentine under the NMUPA and for negligent hiring, supervision, or retention. As a result, the Court adopts the PFRD in this regard, and no claims remain against March. The Court thus dismisses March from this lawsuit with prejudice as to the FDCPA claim and without prejudice as to the NMUPA and negligent hiring, supervision, or retention claims. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (affirming dismissal with prejudice of a claim that was barred by the statute of limitations); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule

12(b)(6) and granting leave to amend would be futile.").

The Court also dismisses the NMUPA and negligent hiring, supervision, or retention claims against Valentine without prejudice.  Further, the Court adopts in full all other legal recommendations the Magistrate Judge made in the PFRD, including the recommendation that personal jurisdiction over Valentine is proper.  As such, the FDCPA claim against Valentine may proceed.

The Court makes only one small change to the factual findings of the PFRD.  Namely, on page 2 of the PFRD, the Magistrate Judge states, "DMP . . . purchased Wendell Sweet's loan from The Cash Store."  This is slightly misleading: DMP did not purchase the loan from The Cash Store directly but instead purchased it from NorAm Capital Holdings, Inc. in January 2013 as part of a debt portfolio package.  The PFRD is revised to make this change.

The Court overrules all other objections that Defendants have made to the PFRD.

**IT IS THEREFORE ORDERED THAT:**

1. On Page 2 of the Proposed Findings and Recommended Disposition, the sentence "DMP . . . purchased Wendell Sweet's loan from the Cash Store" is revised to say, "DMP . . . purchased Wendell Sweet's loan as part of a debt portfolio package in January 2013."

2. The Court **DENIES** March and Valentine's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction for the same reasons outlined in the Magistrate Judge's Proposed Findings and Recommended Disposition.

3. Regarding Count One under the Fair Debt Collections Practies Act (FDCPA) as to March, the Court **GRANTS** March and Valentine's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the one-year

statute of limitations has run.  This dismissal is with prejudice.

4. Regarding Count One under the Fair Debt Collections Practies Act (FDCPA) as to Valentine, the Court **DENIES** March and Valentine's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because (1) the one-year statute of limitations is equitably tolled, and (2) Valentine is a "debt collector" within the meaning of the FDCPA for the same reasons outlined in the Magistrate Judge's Proposed Findings and Recommended Disposition.

5. Regarding Count Two under the New Mexico Unfair Practices Act (NMUPA) as to both March and Valentine, the Court **GRANTS** March and Valentine's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the same reasons outlined in the Magistrate Judge's Proposed Findings and Recommended Disposition.  This dismissal is without prejudice.

6. Regarding Count Three for Tortious Debt Collection and Count Four for Defamation, the Court **DENIES AS MOOT** March and Valentine's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the same reasons outlined in the Magistrate Judge's Proposed Findings and Recommended Disposition.

7. Regarding Count Five for Negligent Hiring, Supervision, or Retention as to both March and Valentine, the Court **GRANTS** March and Valentine's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for the same reasons outlined in the Magistrate Judge's Proposed Findings and Recommended Disposition.  This dismissal is without prejudice.

8. March is **DISMISSED** from the lawsuit.

9. The Court **OVERRULES** all other objections that March and Valentine have made to the Magistrate Judge's Proposed Findings and Recommended Dispotion.

Defendant Valentine must serve his answer in accordance with the time limits set out in Federal Rule of Civil Procedure 12(a)(4)(A).  The Court refers this matter to the Magistrate Judge for scheduling.

    Entered for the Court
    this 27th Day of June, 2016.


    Bobby R. Baldock
    United States Circuit Judge
    Sitting by Designation