IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WENDELL SWEET and
STEVEN SWEET,

      Plaintiffs,

v.                                                        CV 13-258 BRB/WPL

AUDUBON FINANCIAL BUREAU, LLC;
DOMENICO D'ANGELO; ADAM MARCH;
DANIEL VALENTINE; and MIGUEL GUZMAN,

      Defendants.

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs Wendell and Steven Sweet filed a motion to compel "full and complete supplemental responses" to certain discovery requests from Defendant Daniel Valentine. (Doc. 107.) Valentine filed a response in opposition to the motion (Doc. 114), and Plaintiffs filed a reply (Doc. 117). Plaintiffs propounded interrogatories and requests for production to Valentine on September 6, 2016. (Docs. 100, 108.) They argue that Valentine's responses to Interrogatories 2-8 and Requests for Production 1-5 are insufficient and evasive. After this motion was filed, Valentine provided supplemental responses on December 6, 2016. (Docs. 115, 116.) In reply, Plaintiffs' contend that supplemental responses remain deficient as to Interrogatories 2-7 and Requests for Production 1, 2, 4, and 5. Having reviewed the briefing and the relevant law, and being otherwise fully informed on these matters, I grant the motion to compel.

Federal Rule of Civil Procedure 33, governing interrogatories to parties, provides that "interrogatories must be answered (A) by the party to whom they are directed . . . ." FED. R. CIV. P. 33(b)(1). Additionally, "[e]ach interrogatory must, to the extent it is not objected to, be

answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000). Any objection not raised or not raised with specificity is waived. *Miller v. Pruneda*, 236 F.R.D. 277, 281 (N.D. W. Va. 2004). An incomplete or evasive answer is not considered an answer, but rather a failure to answer. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (citing FED. R. CIV. P. 37(a)(4)).

Pursuant to Federal Rule of Civil Procedure 34, a party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). As with interrogatories, general objections to a request for production are insufficient and will be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12-13 (D.D.C. 2008).

As an initial matter, it appears that Valentine did not sign or verify his responses. Failure to verify an answer to an interrogatory renders that answer incomplete. *Villareal*, 266 F.R.D. at 212. Rule 33 is clear that interrogatories must be answered and signed by the party to whom they are directed. *See Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970). On this basis, Valentine's answers to the Interrogatories are incomplete. Valentine has fourteen days from the date of entry of this Order to provide complete answers, including verification.

Interrogatory No. 2: Interrogatory No. 2 asked Valentine to provide information about his employment history for the last ten years. Specifically:

> For the last ten years, for every company for which you have provided services, worked at, owned, or were an officer, director, employee or independent contractor (including self-employment):

    a. identify (*i.e.*, state the full name, all known addresses and telephone numbers) the company;
    b. state your role, title and provide a description of the duties you were assigned or the services you provided;
    c. state the dates of your association with the company;
    d. state how you were compensated for your services;
    e. identify your immediate supervisor; and
    f. describe in detail the reason you stopped working for or providing services to the company.

(Doc. 117 Ex. 1 at 2.) Plaintiffs contend that Valentine's original and supplemental answers were incomplete and evasive. Valentine unilaterally limited the request to the last five years and provided incomplete information for two entities with which he was associated, and objected that the Interrogatory was "overbroad and unduly burdensome" and not reasonably calculated to lead to admissible evidence. (*Id.* at 3.) In response to the motion, Valentine contends that Plaintiffs are on a fishing expedition and that Interrogatory No. 2 was "over broad and unduly burdensome," but that he provided information on relevant business.

  Valentine provided no authority for limiting his response to five years or for providing incomplete information. Additionally, this case was filed in 2013 and has been delayed for three years. I agree with the Plaintiffs that ten years is a reasonable time period under the circumstances. Further, Valentine failed to explain how this Interrogatory is "unduly burdensome." Finally, Valentine cited no authority for unilaterally limiting the Interrogatory. This case involves claims of deception and corporate cloaking. Under the circumstances, I agree with the Plaintiffs' that Valentine's response to Interrogatory No. 2 was insufficient. Within fourteen days from the date of entry of this Order, Valentine will provide a full response to Interrogatory No. 2. Valentine is reminded that he is required to verify his response to this Interrogatory and to certify under oath that the response is complete.

Interrogatory No. 3: Interrogatory No. 3 stated:

Concerning your association with Audubon Financial Bureau, LLC ("AFB"):
    a. describe all activities you have performed for or on behalf of AFB and the dates for which you performed these activities;
    b. state whether you have ever been involved in a decision to hire or fire any AFB employee and if so:
        i. identify the employee;
        ii. state the dates of employment for this employee;
        iii. describe your role;
        iv. identify all other persons involved in a decision to hire or fire this employee.
    c. describe any compensation, direct or indirect, you received from AFB and the dates this compensation was received; and
    d. if your association with AFB ended at some point, describe in detail the reason it ended.

(*Id.* at 3.) Plaintiffs argue that Valentine's original and supplemental responses to subpart c of this Interrogatory are insufficient, evasive, and internally inconsistent with his other responses. Valentine objected to this subpart as "vague and ambiguous" because it failed to define the term "compensation." (*Id.* at 4.) This objection is absurd. Compensation is a common and colloquial term. Valentine clearly understood the meaning of the term, at least in part, to include health benefits and a weekly draw. (*Id.*) Accordingly, Valentine's objections on this point are overruled and he is directed to provide a complete response to Interrogatory No. 3(c) within fourteen days from the date of entry of this Order and to verify that response.

Interrogatory No. 4: Interrogatory No. 4 asked Valentine:

Separately for Ryan Paxton, Randy Zaffaran, Nick Doxey, Adam March, Domenico D'Angelo, Miguel Guzman, and Kyan Julius:
    a. state all residential addresses and personal phone numbers of which you are aware[;]
    b. describe how you know this person, when you first met them, the history of your relationship with them and your current relationship; and
    c. state the approximate date of your last contact or communication with the person and describe the circumstances and/or content of the same.

(*Id.* at 4.) Valentine did not object to this Interrogatory and has thus waived any potential objections. *Miller*, 236 F.R.D. at 281. I agree with Plaintiffs that his response was insufficient. Indeed, Valentine did not even mention each individual named in the Interrogatory. Within fourteen days from the date of entry of this Order, Valentine will provide a complete, verified response to this Interrogatory.

    Interrogatory No. 5: Interrogatory No. 5 asked Valentine:

For every office which you kept (including any shared office) at any time in the last ten years;
   a. state the full street address for the office;
   b. describe the business activities you performed at this office;
   c. state the name of each company that performed business activities at this same office at the same time you did and for each:
      i. State your role, title and provide a description of the duties you were assigned or the services you provided;
      ii. State the dates of you[r] association with this company;
      iii. State how you were compensated for your services;
      iv. Identify your immediate supervisor; and
      v. [D]escribe in detail the reason you stopped working for or providing services to the company.

(Doc. 117 Ex. 1 at 5.) Valentine objected that the Interrogatory is vague and ambiguous by failing to define "every office which you kept," overly broad, burdensome, harassing, and not reasonably calculated to lead to admissible evidence. (*Id.*) In response to the motion, Valentine argues that this Interrogatory is duplicative of Interrogatory No. 2. (Doc. 114 at 5.) I disagree. Valentine could easily have provided services to a company where he never had an office. The Interrogatories are related, but not duplicative. Valentine's objection that the phrase "every office which you kept" is vague or ambiguous is overruled. While the phrasing is perhaps unconventional, the meaning is clear. Valentine is directed to use his common sense to fully

respond to this Interrogatory and will provide a complete, verified response within fourteen days from the date of entry of this Order.

      Interrogatory No. 6: Interrogatory No. 6 asked Valentine

If you have ever received a check made out to you on an AFB bank account or a transfer to your account from an AFB bank account:
  a. state the date and amount of the check or transfer;
  b. identify the person who signed the check or authorized the transfer; and
  c. state the reason you received the check or transfer.

(Doc. 117 Ex. 1 at 6.) Valentine did not object to this Interrogatory and thus waived any potential objections. *Miller*, 236 F.R.D. at 281. Valentine did, however, respond that he is "unable to access payroll records" from AFB. (Doc. 117 Ex. 1 at 6.) That may be the case, but is irrelevant. Valentine certainly has his own records for any checks or transfers made to him from AFB accounts. Valentine is directed to fully respond to this Interrogatory within fourteen days from the date of entry of this Order, and is reminded that he must verify his response.

      Interrogatory No. 7: Interrogatory No. 7 asked Valentine to

State the bank and account number for every account on which you were authorized to sign checks or transfer money in the last ten years and for each account:
  a. state the name of the owner of the account;
  b. state the date the account was opened and identify the person that opened the account;
  c. describe how the account is used and by whom; [and]
  d. state whether the account is still active and, if not, state the date it was closed and the reason it was closed.

(*Id.* at 7.) Valentine objected that this Interrogatory is vague and ambiguous to the extent that it did not define "every account on which you were authorized to sign checks," that it is overly broad, burdensome, and harassing. (*Id.*) Valentine's objection based on vagueness and ambiguity is overruled. Valentine is a businessman and is presumed to know what it means to having

signing authority on an account. A stipulated protective order has been entered in this case, alleviating any concerns about personal banking information. (Doc. 113.) Given the nature and circumstances of this case, I agree with the Plaintiffs that this Interrogatory is reasonably calculated to lead to relevant information. Valentine's objections are overruled without prejudice. He will provide a complete, verified response to this Interrogatory within fourteen days from the date of entry of this Order.

RFP No. 1: RFP No. 1 asked Valentine "[f]or every company for which in the last ten years [he has] provided services, worked at, owned, or [was] an officer, director, employee or independent contractor (including self-employment), [to] produce the documents that define or govern the role [he] played with this company." (Doc. 117 Ex. 1 at 8.) Valentine objected to this RFP on the basis that it is overly broad, burdensome, and harassing, and stated that he is not in possession of responsive documents. (*Id.*) I find this position difficult to believe given that Valentine remains an owner of DMP. As previously discussed, I find that this RFP is reasonably calculated under the circumstances and thus overrule Valentine's objections. Valentine will fully respond to this RFP within fourteen days from the date of entry of this Order.

RFP No. 2: RFP No. 2 asked Valentine

Concerning AFB:
    a. produce all documents concerning activities you performed for or on behalf of AFB;
    b. produce all documents concerning your involvement in a decision to hire or fire any AFB employee;
    c. produce all documents concerning any compensation, direct or indirect[,] you received from AFB; and
    d. produce all documents concerning the end of your association with AFB.

(*Id.* at 8-9.) Valentine responded with reference to his Interrogatory responses, which I have already found were insufficient. Any potential objection to this RFP is overruled on that basis

and Valentine is directed to fully respond within fourteen days from the date of entry of this Order.

RFP No. 4: RFP No. 4 asked Valentine to "[p]roduce all documents concerning each check made out to [him] on an AFB bank account and each transfer to [his] account from an AFB bank account." (*Id.* at 10.) Valentine responded with reference to his responses to Interrogatories Nos. 6 and 7, and RFP No. 2. As previously discussed with reference to those discovery requests, Valentine's responses were insufficient. Valentine will fully respond to this RFP within fourteen days from the date of entry of this Order.

RFP No. 5: RFP No. 5 asked Valentine to "[p]roduce signature cards for each bank account on which [he was] authorized to sign checks or transfer money in the last ten years." (*Id.* at 10.) Valentine objected to this RFP on the basis that it is vague and ambiguous because "it requests documents related to all account[s] on which he was an authorized signor without clarification," is overly broad and burdensome, harassing, and not calculated to lead to admissible evidence. (*Id.*) Again, these objections are overruled. Valentine is a businessman and knows what signature cards are and what it means to be an authorized signor. I agree with Plaintiffs that this request is reasonably calculated to lead to relevant information under the circumstances. Valentine will provide a complete response within fourteen days from the date of entry of this Order.

## CONCLUSION

Plaintiffs' motion to compel is granted. Valentine will provide complete discovery response within fourteen days from the date of entry of this Order. Valentine is reminded that objections not initially raised are waived, that he must verify his Interrogatory responses, and that failure to fully comply with this Order may result in sanctions.

It is so ordered.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.